**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **GARY G. ELSWICK,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**LIFESTAR RESPONSE OF MARYLAND, INC.,**<br><br>***Defendant.*** | **Civil No. 1:26-cv-03221-JRR** |

**MEMORANDUM AND ORDER**

Plaintiff Gary G. Elswick, a self-represented litigant, filed a Complaint (ECF No. 1) together with a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 2; the "Motion.") Because Plaintiff appears indigent, the Motion will be granted. However, for the reasons set forth below, multiple counts in the Complaint will be dismissed.

## I. Initial Screening of Complaint pursuant to 28 U.S.C. § 1915

Plaintiff initiated this action *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits a litigant who is indigent to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted.[1] 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Further still, "[f]rivolous complaints are subject to dismissal pursuant to the court's inherent authority, even when the plaintiff has paid the filing fee." *Smith v. Kagan*, 616 F. App'x 90 (4th Cir. 2015); *see Chong Su Yi v. Soc. Sec. Admin.,* 554 F. App'x 247, 248 (4th Cir. 2014) (same); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (same).

[1] This court is mindful of its obligation to liberally construe the pleadings of self-represented litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff brings the instant action against Defendant, his former employer. Plaintiff alleges that during his employment he "engaged in multiple forms of protected activity," of which Defendant was aware, and thereafter Defendant subjected Plaintiff to "increased scrutiny, retaliatory treatment, discriminatory assignment practices, disciplinary escalation, and termination." (ECF No. 1 ¶¶ 2–3.) Plaintiff also alleges that he and "male crews" were "disproportionately assigned bariatric transports and difficult assignments, frequently denied adequate assistance, and treated differently from similarly situated female employees and/or other crews." *Id.* ¶¶ 22, 49. Of note here, after Plaintiff "filed and/or participated in [U.S. Equal Employment Opportunity Commission ('EEOC')] proceedings involving Defendant," Defendant "submitted an EEOC Position Statement asserting numerous behavioral, disciplinary, and honesty-related reasons for Plaintiff's termination," which Plaintiff at least partially denies. *Id.* ¶¶ 30, 37–38.

Plaintiff asserts eleven counts:

> <u>Count I</u>: Title VII of the Civil Rights Act of 1964 ("Title VII") Retaliation
> <u>Count II</u>: Title VII Sex Discrimination
> <u>Count III</u>: Hostile Work Environment in violation of Title VII[2]
> <u>Count IV</u>: Retaliatory Discharge
> <u>Count V</u>: Participation Clause Retaliation
> <u>Count VI</u>: Opposition Clause Retaliation
> <u>Count VII</u>: Wrongful Termination in violation of Public Policy
> <u>Count VIII</u>: Tortious Interference with Prospective Economic Advantage
> <u>Count IX</u>: Defamation/False Light (pled in the alternative)
> <u>Count X</u>: Civil Conspiracy (pled in the alternative)

[2] The court understands Count III, at least in part, to raise a retaliatory hostile work environment claim. To the extent Plaintiff's Count III is a sex-based hostile work environment claim, it fails for the same reason as does Plaintiff's sex discrimination claim (discussed below)—he fails to allege facts to support a plausible inference that he was subjected to a hostile work environment because of his sex, to the extent that is protected class he identifies. *See Laurent-Workman v. Wormuth*, 54 F.4th 201, 210 (4th Cir. 2022) (noting on a claim of hostile work environment based on protected characteristics that plaintiff "must offer facts that plausibly support inferences that 'she was subjected to (1) unwelcome conduct, (2) based on her race [or national origin] or sex, that was (3) severe or pervasive enough to make her work environment hostile or abusive and (4) imputable to [ ] her employer'") (quoting *Bazemore v. Best Buy*, 957 F.3d 195, 200 (4th Cir. 2020)).

Count XI: Negligent Supervision and Retention

(ECF No. 1 ¶¶ 41–76.)

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought.

FED. R. CIV. P. 8(a). Each "allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level; a complaint requires "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Upon its review, the court finds that Counts II, VIII, IX, X, and XI fail to state plausible claims and will be dismissed. The court makes no findings regarding the sufficiency of Plaintiff's remaining counts, including whether they state claims upon which relief may be granted.[3]

**A. Count II: Sex Discrimination**

Among other things, Title VII prohibits qualifying employers from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of," relevant here, the individual's sex. 42 U.S.C. § 2000e-2(a)(1). The elements of a prima facie case of discrimination pursuant to the *McDonnell Douglas*[4] framework

---

[3] Defendant of course remains entitled to challenge the sufficiency of Plaintiff's remaining claims.

[4] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

at issue here include: "(1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) the adverse employment action occurred 'under circumstances giving rise to an inference of unlawful discrimination.'" *Johnson v. Baltimore City, Maryland*, 163 F.4th 808, 815 (4th Cir. 2026) (quoting *Wannamaker-Amos v. Purem Novi, Inc.*, 126 F.4th 244, 255 (4th Cir. 2025)). A "plaintiff need not establish a prima facie case" at the pleading stage, but still must "produce sufficient allegations, accepted as true, to state 'a claim to relief that is plausible on its face.'" *Id.* at 819 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Nonetheless, "reference to the elements of a Title VII claim is helpful to gauge the sufficiency of the allegations." *Gaines v. Baltimore Police Dep't*, 657 F. Supp. 3d 708, 734 (D. Md. 2023).

"To allege that an employer acted because of an employee's protected status, there must be some connective thread between the alleged mistreatment and the protected status." *Brooks v. United Parcel Service Inc.*, No. CV DKC 20-2617, 2021 WL 4339194, at *12 (D. Md. Sept. 23, 2021) (citations omitted)). "In other words, the facts alleged must 'support a *reasonable inference* that the decisionmakers were motivated by bias.'" *Copes v. Johns Hopkins Univ. Applied Physics Lab'y, LLC*, No. CV RDB-23-2306, 2025 WL 19987, at *4 (D. Md. Jan. 2, 2025) (emphasis in original) (quoting *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 586 (4th Cir. 2015)). Such allegations may include, relevant here, that "similarly-situated employees outside the protected class received more favorable treatment." *Johnson*, 163 F.4th at 815 (quoting *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004)). Nonetheless, to support an inference of discrimination, "there must be 'sufficient commonalities on the key variables between the plaintiff and the would-be comparator to allow the type of comparison that, taken together with the other prima facie evidence." *Id.* (quoting *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 748 (4th Cir. 2017), *as amended* (Aug. 11, 2017)). "While there is no

'bright-line' rule for what makes two comparators 'similar' for purposes of Title VII claims," the Fourth Circuit has instructed court to consider whether the employees:

> (i) held the same job description,
> (ii) were subject to the same standards,
> (iii) were subordinate to the same supervisor, and
> (iv) had comparable experience, education, and other qualifications—provided the employer considered these latter factors in making the personnel decision.

*Id.* (quoting *Spencer v. Virginia State University*, 919 F.3d 199, 207 (4th Cir. 2019)).

As an initial matter, Plaintiff fails to allege membership in a protected class. Even assuming he intended to identify his sex as male, Plaintiff's sole allegation to support his claim of sex discrimination is that he was disproportionately assigned bariatric transports and difficult assignments in comparison to "similarly situated female employees." (ECF No. 1 ¶¶ 22, 49.) This allegation on its own fails to support a plausible inference of sex discrimination; specifically, it does not include any factual basis upon which to reasonably conclude or infer that the referenced female employees are similarly situated to him and thus to support, in turn, an inference of sex discrimination. Based on the foregoing, Count II will be dismissed.

**B. Count VIII: Tortious Interference with Prospective Economic Advantage**

The elements of the Maryland tort of tortious interference with prospective economic advantage are: "(1) intentional and wilful acts; (2) calculated to cause damage to the plaintiffs in their lawful business; (3) done with the unlawful purpose to cause such damage and loss, without right or justifiable cause on the part of the defendants (which constitutes malice); and (4) actual damage and loss resulting." *Yuan v. Johns Hopkins Univ.*, 227 Md. App. 554, 581–82 (2016), *aff'd,* 452 Md. 436 (2017) (quoting *Kaser v. Fin. Prot. Mktg., Inc.,* 376 Md. 621, 628–29 (2003)). While Plaintiff alleges that Defendant "interfere[ed] with his employment opportunities and economic relationships," *see* ECF No. 1 ¶ 66, he offers no factual allegations in support of same,

which is to say, no factual allegations to support that Defendant took acts to cause damage to his business or economic opportunities. He therefore fails to allege a plausible claim of tortious interference, so Count VIII will be dismissed.

**C. Count IX: Defamation/False Light**

To plead a claim of defamation in Maryland, a plaintiff must allege: "(1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm." *Piscatelli v. Van Smith*, 424 Md. 294, 306 (2012) (*quoting Indep. Newspapers, Inc. v. Brodie*, 407 Md. 415, 441 (2009)). The only allegation Plaintiff appears to offer on this point is that Defendant submitted an EEOC position statement "asserting numerous behavioral, disciplinary, and honesty-related reasons for Plaintiff's termination," which Plaintiff denies. (ECF No. 1 ¶¶ 37–38.) Even assuming without deciding that Defendant's statements to the EEOC are not subject to a privilege as a matter of law, *see Houedenou v. Camris Int'l, LLC*, No. CV 25-3488-TDC, 2026 WL 936979, at *5–6 (D. Md. Apr. 7, 2026) (finding allegedly defamatory statements by former employer made during EEOC process were subject to an absolute privilege), Plaintiff does not allege any specific defamatory statement, how that statement was false, or any resultant harm.[5]

To the extent Plaintiff raises a false light claim, it is subject to dismissal for these same reasons. *See Piscatelli v. Van Smith*, 424 Md. 294, 306 (2012) ("An allegation of false light must meet the same legal standards as an allegation of defamation.") (citations omitted); *Fischer v.*

[5] "The standard for establishing harm is different depending on whether the statement was defamatory *per se* or defamatory *per quod*." *Rorie v. Bd. of Educ. of Charles Cnty.*, 653 F. Supp. 3d 217, 242 (D. Md. 2023). For a statement that is defamatory *per se*, harm is "self-evident," but for a statement that is defamatory *per quod*, a plaintiff must plausibly allege (and later prove) the harm caused by the statement. *Rorie v. Bd. of Educ. of Charles Cnty.*, 653 F. Supp. 3d 217, 242 (D. Md. 2023) (citing *Metromedia, Inc. v. Hillman*, 285 Md. 161, 164 (1979)). Where Plaintiff does not include any detail of the challenged statements, the court analyzes them as defamatory *per quod*.

*Nautical Bowls Franchising, LLC*, No. 8:25-CV-02286-PX, 2026 WL 759090, at *5 (D. Md. Mar. 18, 2026) ("Because 'an allegation of false light must meet the same legal standards as an allegation of defamation,' the false light claim depends on plausibly averring defamation.") (quoting *Piscatelli*, 424 Md. at 306).

Accordingly, Count IX, whether based on defamation and/or false light, will be dismissed.

**D. Count X: Civil Conspiracy**

"Under Maryland law, civil conspiracy is defined as the 'combination of two or more persons by an agreement or understanding to accomplish an unlawful act or to use unlawful means to accomplish an act not in itself illegal, with the further requirement that the act or the means employed must result in damages to the plaintiff.'" *Marshall v. James B. Nutter & Co.*, 758 F.3d 537, 541 (4th Cir. 2014) (quoting *Hoffman v. Stamper,* 385 Md. 1, 24 (2005)). It "requires proof of three elements: '1) A confederation of two or more persons by agreement or understanding; 2) some unlawful or tortious act done in furtherance of the conspiracy or use of unlawful or tortious means to accomplish an act not in itself illegal; and 3) [a]ctual legal damage resulting to the plaintiff.'" *Windesheim v. Larocca*, 443 Md. 312, 347 (2015) (quoting *Lloyd v. Gen. Motors Corp.,* 397 Md. 108, 154 (2007)).

At core, Plaintiff fails to offer any factual allegations to find or infer the existence of an agreement or understanding between two or more persons; indeed, his entire claim is supported by the vague and conclusory assertion that "Defendant acted in concert with others to retaliate against [him] and interfere with [his] employment and protected rights." (ECF No. 1 ¶ 72.) This lacks any factual basis and fails to raise a plausible inference of any sort of agreement or understanding. Count X will therefore also be dismissed.

**E. Count XI: Negligent Supervision and Retention**

To allege a plausible claim of negligent supervision and retention, a plaintiff "must plead facts that, if proven, would establish:"

> (1) [his] injury was caused by the tortious conduct of [an employee]; (2) that the employer knew or should have known by the exercise of diligence and reasonable care that the [employee] was capable of inflicting harm of some type; (3) that the employer failed to use proper care in selecting, supervising, or retaining that employee; (4) and that the employer's breach of its duty was the proximate cause of the Plaintiff's injuries.

*Kornegay v. United States*, 802 F. Supp. 3d 767, 790 (D. Md. 2025) (quoting *Doe v. Cmty. Coll. of Balt. Cnty.*, 595 F. Supp. 3d 392, 419 (D. Md. 2022)). Plaintiff identifies no specific employee(s) who subjected him to tortious conduct and who he contends Defendant failed to properly supervise or retain. Once again, Plaintiff's allegations are conclusory in nature and entirely speculative. Count XI will be dismissed for this reason.[6]

## II. Service of Process

In light of Plaintiff's indigent status, the U.S. Marshal shall effect service of process on Defendant(s). *See* FED. R. CIV. P. 4(c)(3). While Plaintiff has submitted summons for service of Defendant, it does not appear that Plaintiff has furnished a U.S. Marshal service of process form for Defendant. Until Plaintiff cures this problem, service shall not be issued. The Clerk shall be directed to mail a copy of the Marshal form for Defendant to Plaintiff, who must complete and return the form to the Clerk within twenty-one (21) days from the date of this Order. Failure to comply with this Order may result in dismissal without prejudice of Plaintiff's Complaint. Once the form is received, the Clerk and the U.S. Marshal are directed to take all necessary steps to effectuate service of process.

[6] Such dismissal concerns Plaintiff's claim of primary liability under a theory of negligent supervision and retention; it does not bear on any respondeat superior liability on the part of Defendant for actions of its employees.

Both LexisNexis and Westlaw provide free public access to the Maryland Rules. Free public access to the Maryland Rules is also available through the Maryland State Law Library's website at: https://mdcourts.gov/lawlib/research/gateway-to-md-law/code-rules-laws-sources.

If there is no record that service was effectuated on Defendant, Plaintiff risks dismissal of this case. Pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 103.8.a., if a party demanding affirmative relief has not effectuated service of process within 90 days of filing the Complaint, the court may enter an order asking the party to show cause why the claims should not be dismissed. If the party fails to show cause within the time as set by the court, the Complaint shall be dismissed without prejudice.

## III. Conclusion and Order

Accordingly, for the foregoing reasons, it is this 18th day of September 2026,

**ORDERED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2) shall be, and is hereby, **GRANTED**; and further it is

**ORDERED** that Counts II, VIII, IX, X, and XI of Plaintiff's Complaint (ECF No. 1) shall be, and are hereby, **DISMISSED without prejudice**.

It is further **ORDERED** that:

1. The Clerk SHALL SEND a copy of this Order, together with one copy of the marshal forms to Plaintiff;
2. Plaintiff IS GRANTED TWENTY-ONE (21) days from the date of this Order in which to complete the U.S. Marshal forms and return them to the Clerk. Plaintiff is cautioned that the failure to return the completed marshal forms in a timely and complete manner may result in the dismissal of this case without prejudice and without further notice from the Court;

3. Upon receipt of the U.S. Marshal forms, the Clerk SHALL ISSUE Summons and forward same together with the Complaint, the U.S. Marshal forms, and a **COPY OF THIS ORDER** to the U.S. Marshal;
4. The U.S. Marshal IS DIRECTED to effectuate service of process on Defendant at the addresses provided by Plaintiff. If the U.S. Marshal uses U.S. Postal Service delivery to effect service on Defendant, it shall do so by **RESTRICTED DELIVERY, CERTIFIED MAIL**;
5. The Clerk SHALL SEND a copy of this order to the Plaintiff.

/S/

Julie R. Rubin
United States District Judge